UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Myriam Fejzulai, *et al.* ) | Civil Action No.: 6:14-3601-BHH |
| ) | |
| Plaintiffs, ) | |
| vs. ) | |
| ) | **Opinion and Order** |
| Sam's West, Inc., *et al.* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Defendants' Motion to Dismiss Class Claims for Alleged Violation of the South Carolina Unfair Trade Practices Act ("SCUTPA") (ECF No. 47). For the reasons set forth in this Order, Defendants' Motion is granted and the SCUTPA claim is dismissed to the extent it is brought in a representative capacity.

## BACKGROUND

Plaintiffs filed this putative class action on September 10, 2014, alleging a breach of contract claim founded on certain terms and conditions of the Sam's Club Membership Agreement ("Membership Agreement"). (ECF No. 1.) Specifically, Plaintiffs allege that Defendants have, on divers occasions, breached the "200% Freshness Guarantee" ("Guarantee") found in the Membership Agreement by failing to refund 200% of the purchase price of any returned item subject to the Guarantee (or alternatively refund 100% of the purchase price *and* replace the item, as provided in the Guarantee). (*Id.* ¶¶ 28-31.) The operative pleading in this case is now Plaintiffs' Second Amended Complaint, which includes the original breach of contract claim, as well as claims for injunctive and declaratory relief and violation of SCUTPA, all premised on the

1

same putative failures to honor the Guarantee. (ECF No. 41 ¶¶ 33-42, 48-57.) An in-depth summary of the alleged facts is not necessary to the resolution of the pending Motion, which turns on a purely legal issue.

## **STANDARD OF REVIEW**

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). A court should grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

**DISCUSSION**

Plaintiffs' cause of action for violation of SCUTPA seeks to represent a South Carolina subclass. (ECF No. 41 ¶¶ 49 ("For those class members such as Plaintiffs who are, or were, residents of South Carolina during the applicable class period, Plaintiffs allege that with respect to those class members, Defendants have violated the South Carolina Unfair Trade Practices Act, S.C. Code § 39-5-10, *et seq.*").) In their Motion, Defendants seek dismissal of the SCUTPA claim to the extent it is asserted on behalf of a putative subclass. (ECF No. 47-1 at 2.) Because the Court agrees with Defendants that SCUTPA claims may not be brought by a private party in a representative capacity, the Court grants the Motion to Dismiss, as more fully set forth below.

The text of SCUTPA expressly prohibits the pursuit of class action claims:

> Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by § 39-5-20 may bring an action individually, *but not in a representative capacity*, to recover actual damages.

S.C. Code § 39-5-140(a) (emphasis added). Various courts have confirmed that SCUTPA claims cannot be pursued on a representative basis. *See, e.g.*, *Gunnells v. Healthplan Servs.*, 348 F.3d 417, 423 (4th Cir. 2003) (affirming by implication the district court's refusal to certify a SCUTPA suit as a class action pursuant to S.C. Code § 39-5-140); *In re TD Bank, N.A.*, 150 F. Supp. 3d 593, 634-35 (D.S.C. 2015) (dismissing the plaintiffs' SCUTPA class claims); *In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prod. Liab. Litig.*, No. 3:11-CV-02784-JMC, 2013 WL 1316562, at *9 (D.S.C. Mar. 27, 2013) ("Although similar in purpose [to the New Jersey Consumer Fraud Act], South Carolina's statutory consumer fraud claims based on deceptive trade practices

3

may not proceed in a representative capacity."); *Stalvey v. Am. Bank Holdings, Inc.*, No. 4:13-CV-714, 2013 WL 6019320, *4 (D.S.C. Nov. 13, 2013) (granting motion to dismiss the plaintiff's representative claims under SCUPTA); *In re MI Windows & Doors, Inc. Prod. Liab. Litig.*, No. 2:11-CV-00167-DCN, 2012 WL 5408563, at *5 (D.S.C. Nov. 6, 2012) ("[P]laintiffs cannot bring their SCUTPA claim on behalf of a putative class."); *Harris v. Sand Canyon Corp.*, 274 F.R.D. 556, 565 (D.S.C. 2010) ("It seems clear from the language of SCUTPA that class action suits are forbidden under the Act, and the South Carolina Supreme Court has held as such."); *Harris v. Option One Mortgage Corp.*, 261 F.R.D. 98, 111 (D.S.C. 2009) ("It seems clear from the language of SCUTPA that class action suits are forbidden under the Act, and the Fourth Circuit has acknowledged this rule in [*Gunnells*]."); *Dema v. Tenet Physician Servs.-Hilton Head, Inc.*, 678 S.E.2d 430, 434 (S.C. 2009) ("[B]ecause SCUTPA claims may not be maintained in a class action lawsuit, the trial court properly dismissed Appellant's claim."). Accordingly, a rather straightforward application of the statutory text and relevant case law dictates dismissal of Plaintiffs' SCUTPA claim to the extent it is pursued in a representative capacity.

Plaintiffs respond that the U.S. Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), dictates that Federal Rule of Civil Procedure 23, and not S.C. Code Ann. § 39-5-140, governs whether a class action may be maintained under SCUTPA in a federal court sitting in diversity jurisdiction. (*See* ECF No. 48 at 2-5.) Plaintiffs further argue, either explicitly or by implication, that the various decisions by courts in this district applying *Shady Grove* to

4

SCUTPA have done so incorrectly.[1] (*See id.* at 5-8.) Finally, Plaintiffs urge the Court to adopt the Eleventh Circuit's analysis in *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331 (11th Cir. 2015), which held that class claims under the Alabama Deceptive Trade Practices Act ("ADTPA") were permissible because the statutory prohibition on private class actions in the ADTPA was superseded by Rule 23 after *Shady Grove. See Lisk*, 792 F.3d at 1334-38.

In *Shady Grove*, the Supreme Court stated in a plurality opinion, "Rule 23 unambiguously authorizes *any* plaintiff, in *any* federal civil proceeding, to maintain a class action if the Rule's prerequisites are met. We cannot contort its text, even to avert a collision with state law that might render it invalid." 559 U.S. at 406 (emphasis in original). Moreover, "Congress itself has created the possibility that the same case may follow a different course if filed in federal instead of state court." *Id.* at 416. Accordingly, the *Shady Grove* court held that a New York law that broadly prohibited class actions in suits seeking penalties or statutory minimum damages conflicted with Rule 23 and was preempted such that it would not apply in a federal court sitting in diversity. *Id.* at 398-401. The *Shady Grove* court further held that Rule 23 was not *ultra vires* under the Rules Enabling Act, 28 U.S.C. § 2072, in this context; in other words, Rule 23 did not impermissibly "abridge, enlarge or modify any substantive right." *Id.* at 406-410; *see* 28 U.S.C. § 2072(b).

The decision in *Shady Grove* was issued by a severely fragmented court, which has presented rather confusing questions of interpretation for federal courts seeking to

---

[1] This includes Judge Norton's decision in *In re MI Windows & Doors, Inc. Prod. Liab. Litig.*, No. 2:11-CV-00167-DCN, 2012 WL 5408563 (D.S.C. Nov. 6, 2012), Judge Lewis' decision in *Stalvey v. Am. Bank Holdings, Inc.*, No. 4:13-CV-714, 2013 WL 6019320 (D.S.C. Nov. 13, 2013), and the undersigned's decision in *In re TD Bank, N.A.*, 150 F. Supp. 3d 593 (D.S.C. 2015).

enforce the *Shady Grove* ruling. Nonetheless, under standard rules of interpretation applied to plurality opinions like *Shady Grove*, a majority of courts have concluded that Justice Stevens' concurring opinion is controlling in view of the "narrowest grounds" principle.[2] *Stalvey*, 2013 WL 6019320 at *4; *see, e.g., In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 660 (E.D. Mich. 2011) (referencing multiple cases); *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1217 (10th Cir. 2011) (noting that the Tenth Circuit has understood Justice Stevens' opinion to be controlling); *but see Lisk*, 792 F.3d at 1336-37 (leaving unresolved the issue of whether the binding opinion in *Shady Grove* is Justice Scalia's plurality opinion or Justice Stevens' concurrence).

The undersigned finds the following language from Justice Stevens' opinion most helpful to resolving the operative question of whether SCUPTA's prohibition of class action claims is preempted by Rule 23, "A federal rule . . . cannot govern a particular case in which the rule would displace a state law that is procedural in the ordinary use of the term *but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right.*" *Shady Grove*, 559 U.S. at 423 (J. Stevens, concurring) (emphasis added). This is precisely the scenario presented by section 39-5-140(a), wherein the state legislature enmeshed SCUTPA's procedural vehicle with the claimant's right in a manner specifically designed to prohibit representative lawsuits. The legislature thereby functionally defined the scope of the right by way of the procedural limitation. Justice Stevens further stated, "The Enabling Act's limitation does not mean that federal rules cannot displace state policy judgments; it means only that

---

[2] "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . .'" *Marks v. United States*, 430 U.S. 188, 193 (1977) (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n. 15 (1976) (opinion of Stewart, Powell, and Stevens, JJ.)). "This test is more easily stated than applied . . . ." *Nichols v. United States*, 511 U.S. 738, 745 (1994).

federal rules cannot displace a State's definition of its own rights or remedies." *Id.* at 418 (J. Stevens, concurring) (citing *Sibbach v. Wilson & Co.*, 312 U.S. 1, 13-14 (1941) (reasoning that "the phrase 'substantive rights'" embraces only those state rights that are sought to be enforced in the judicial proceedings)). Again, South Carolina has deliberately defined consumers' SCUTPA rights in a manner that limits their procedural redress to individual claims. To allow Rule 23 to supplant that definition would be to displace the State's effort to narrow the potential scope of the right.

As Judge Lewis noted in *Stalvey*, SCUTPA is importantly different from the state law at issue in *Shady Grove* because the New York law had *no* substantive component. *Stalvey*, 2013 WL 6019320 at *4; *see* N.Y. Civ. Prac. Law Ann. § 901(b).[3] Putting aside the confusing questions of application that arise from a fragmentary plurality opinion, the core of the *Shady Grove* ruling dictates, rather unremarkably, that a federal procedural rule regarding class actions trumps a state procedural rule regarding class actions where they conflict and when the suit is brought pursuant to diversity jurisdiction. By contrast, "the prohibitions against class actions ingrained in the very text of the SCUTPA and Consumer Protection code are substantive portions of South Carolina law and are not trumped by Federal Rule of Civil Procedure 23, even in light of the *Shady Grove* decision." *Stalvey*, 2013 WL 6019320 at *4.

Plaintiffs encourage the Court to rely on the holding in *Lisk v. Lumber One Wood Preserving, LLC* to find that the application of Rule 23 allows class treatment of claims

---

[3] The relevant provision of New York law, contained in a rule entitled "Prerequisites to a class action," stated: "Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action." N.Y. Civ. Prac. Law Ann. § 901(b). The remainder of the New York law is virtually identical, both in language and class certification requirements, to the relevant portions of Rule 23. *Compare* N.Y. Civ. Prac. Law Ann. § 901(a), *with* Fed. R. Civ. P. 23(a) & (b)(3).

7

under SCUTPA in the same way that the Eleventh Circuit found that Rule 23 allowed representative claims under a comparable Alabama consumer protection statute. (ECF No. 48 at 2-9.) Specifically, Plaintiffs argue that the *location* of a class prohibition within a state code should not control, quoting the *Lisk* ruling, "the question whether a federal rule abridges, enlarges, or modifies a substantive right turns on matters of substance—not on the placement of a statute within a state code." 792 F.3d at 1336. Plaintiffs further assert that there is no relevant, meaningful distinction between the class prohibitions at issue in *Shady Grove*, *Lisk*, and the case *sub judice*, and that those other cases should direct the Court to permit the representative claims here.

The Court simply disagrees with the Plaintiffs' perception of the New York statute at issue in *Shady Grove* and its relative similarity to section 39-5-140. As already explained, the rules in conflict in *Shady Grove* were *purely procedural* in nature, one state and one federal. In such an instance, so long as the federal rule does not abridge, enlarge, or modify any substantive right, the state rule must give way in a diversity suit. *See* 28 U.S.C. § 2702(b); U.S. Const. art. VI, cl. 2. This is not true, however, when the state procedural rule is integrally and intentionally "intertwined" with the substantive right at issue, as is the case here.

The class prohibition at issue in *Lisk* presents a closer analogue to section 39-5-140. The ADTPA, like SCUTPA, includes its prohibition on private class actions in the same general section of the code, though in a different subsection than the private right of action. Alabama Code § 8-19-10 states in relevant part:

> (a) Any person who commits one or more of the acts or practices declared unlawful under this chapter and thereby causes monetary damage to a consumer, and any person who commits one or more of the acts or practices declared unlawful in subdivisions (19) and (20) of Section 8-19-5

8

>and thereby causes monetary damage to another person, shall be liable to each consumer or other person for:
>
>>(1) Any actual damages sustained by such consumer or person, or the sum of $100, whichever is greater; or
>>
>>(2) Up to three times any actual damages, in the court's discretion . . . . ; and
>>
>>(3) In the case of any successful action or counterclaim to enforce the foregoing liability or in which injunctive relief is obtained, the costs of the action or counterclaim, together with a reasonable attorney's fee . . . .
>
>. . . .
>
>(f) A consumer or other person bringing an action under this chapter may not bring an action on behalf of a class; provided, however, that the office of the Attorney General or district attorney shall have the authority to bring action in a representative capacity on behalf of any named person or persons . . . .

Ala. Code § 8-19-10(a) & (f). The *Lisk* court explained its comparison of the ADTPA to the New York law from *Shady Grove* in this way:

>To be sure, the New York prohibition on statutory-penalty class actions was included in a procedural statute addressing class actions generally; the prohibition was not part of the statute that created the statutory penalty. The Alabama class-action prohibition, in contrast, is part of the ADTPA itself. Some district courts have said this is controlling. But how a state chooses to organize its statutes affects the analysis not at all.

792 F.3d at 1336 (internal citation omitted).

The Court agrees that the *location* of a class prohibition within a state code, *in and of itself*, does not control whether that class prohibition will survive a Rule 23 pleading scheme in federal court. The Court disagrees and finds *Lisk* unpersuasive, however, to the extent that the *Lisk* court was asserting that the location of a class prohibition can have *no impact* on the scope of the underlying substantive right. Where, as is true of section 39-5-140, the class prohibition is *part of the same sentence* that

9

conveys the substantive right, the undersigned believes it would be an irresponsible reading of the statute not to account for that class prohibition as shaping the scope of the right conveyed. The Court need not speculate about what result it would have reached if conducting a similar analysis of Code of Ala. § 8-19-10, wherein the procedural element of the statute (subsection (f), class prohibition) is distinct from the substantive element (subsection (a), private right of action). The bottom line is that *Lisk* (1) applied *Shady Grove* to a different statute than the one at issue in this case, (2) was issued in a different federal circuit not binding upon this Court, and (3) is unpersuasive on the grounds for which Plaintiffs advance it as authority.

In summary, the seed from which Plaintiffs' SCUTPA cause of action *must* germinate simply does not contain the requisite DNA to grow into a class action claim. Without section 39-5-140(a), Plaintiffs would lack a right of action under SCUTPA. To interpret Rule 23, a purely procedural directive, as permissive of class claims under SCUTPA would be to modify by fiat the substantive right of action defined in section 39-5-140(a), and, continuing the analogy, would be tantamount to genetically engineering that substantive right. SCUTPA claimants should not be permitted to transform the nature and scope of the statutory right conferred upon them merely by pleading in federal court pursuant to Rule 23. Such a result would be more than an embodiment of "the possibility that the same case may follow a different course if filed in federal instead of state court," *see Shady Grove*, 559 U.S. at 416; it would be an *alteration* of the underlying right. With due respect to courts that have concluded otherwise when presented with similar problems of analysis, the undersigned believes that this putative *enlargement* and/or *modification* of the underlying state-legislature-created right is

10

precisely what the Rules Enabling Act is designed to prevent. *See* 28 U.S.C. § 2072(b). There is no need to speculate about *why* South Carolina legislators limited the form in which SCUTPA claims may be pursued to an individual right of action—though the Court could name a number of likely reasons without much imagination—the fact is *they did*. The undersigned continues to view SCUTPA's prohibition on class claims not as purely procedural, but rather so intertwined with the substantive right conveyed by section 39-5-140 as to render any supposed preemption of that law by Rule 23 a violation of the Rules Enabling Act. The Court declines to contravene the express direction of the legislature that created the right in question, and dismisses Plaintiffs' representative SCUTPA claims accordingly. The named Plaintiffs' individual SCUTPA claims remain viable.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 47) is GRANTED, and Plaintiffs' SCUTPA claim is DISMISSED to the extent it is brought in a representative capacity.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 7, 2016
Greenville, South Carolina