IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Myriam Fejzulai and Monica Moore, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Sam's West, Inc.; Sam's East, Inc.; and Wal-Mart Stores, Inc. (all d/b/a "Sam's Club" and/or "Sam's Wholesale Club"),<br><br>Defendants. | Civil Action No. 6:14-cv-03601-BHH<br><br>**ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANTS AND AWARDING ATTORNEYS' FEES AND EXPENSES** |

This matter came before the Court on Plaintiffs' Motion for Certification of a Settlement Class and Final Approval of Settlement (ECF No. 133) ("Final Approval Motion") and Plaintiffs' Motion for An Award of Attorneys' Fees and Expenses (ECF No. 134) ("Attorneys' Fee Motion").

WHEREAS, a putative class action is pending before the Court entitled *Myriam Fejzulai, et al. v. Sam's West, Inc., et al.*, Case No. 6:14-cv-03601-BHH (United States District Court for the District of South Carolina, Greenville Division); and

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Class Representatives and the Settlement Class Members on the one hand, and Sam's Club (the "Agreement") (ECF No. 130-1), and has considered the terms of the proposed settlement set forth therein (the "Settlement"); and

WHEREAS, all terms used herein shall have the same meanings as set forth in the Agreement, unless otherwise defined herein; and

WHEREAS, on November 9, 2017, the Court entered its order preliminarily approving the Settlement of this class action as set forth in the Agreement, approving the form and method of notice, and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, adequate, and reasonable (ECF No. 131) (the "Preliminary Approval Order"); and

WHEREAS, the Preliminary Approval Order further directed that all Settlement Class Members be given notice of the Settlement and of the date for the final fairness hearing; and

WHEREAS, the Court has received the declaration of Tina Chiango of RG/2 Claims Administration LLC attesting to the provision of notice in substantial accordance with the Preliminary Approval Order (ECF No. 133-3); and

WHEREAS, as part of the Preliminary Approval Order, the Court certified the Settlement Class for settlement purposes only in accordance with the terms of the Agreement; and

WHEREAS, no objections to the Settlement were filed prior to the Claims Filing Deadline, which is the last day for any objections to be considered timely; and

WHEREAS, no Settlement Class Members opted out of the Settlement prior to the Claims Filing Deadline, which was the last day for any opt-outs to be considered timely;

WHEREAS, the Court having conducted a Final Fairness Hearing on April 4, 2018 (the "Final Approval Hearing") and a supplemental hearing regarding the amount of attorneys' fees requested on May 24, 2018 (the "Fee Hearing"), and having considered the arguments presented, all papers filed and all proceedings had therein;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.  The Court has jurisdiction over the subject matter of this action, all Settlement Class Members, and all Defendants.

2.  In accordance with Rule 23(e) of the Federal Rules of Civil Procedure and the requirements of due process, all members of the Settlement Class have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the parties to the Agreement, the Agreement, the arguments of counsel, and all the files, records, and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Agreement and the Court's Preliminary Approval Order (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

3.  The Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it resulted from vigorously contested litigation, extensive discovery and motion practice, and good-faith arm's length negotiations between the parties, and it is fair, adequate, and reasonable to those it affects, considering the following factors: (i) the relative strength of Plaintiffs' case on the merits; (ii) the existence of any difficulties of proof or strong defenses Plaintiffs are likely to encounter if the case goes to trial; (iii) the anticipated duration and expense of additional litigation; (iv) the solvency of Defendants and the likelihood of recovery of a litigated judgment; and (v) the degree of opposition to the settlement. *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991).

4. The Final Approval Motion is hereby GRANTED, and the Settlement as set forth in the Agreement is hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Agreement are hereby determined to be fair, reasonable, and adequate, for the exclusive benefit of the Settlement Class Members. The Parties are directed to consummate the Agreement in accordance with its terms.

5. The Court APPROVES payment of Settlement Class Representative Incentive Payments to Myriam Fejzulai, Monica Moore, and Morgan Chikosi as set forth in the Agreement.

6. The Attorneys' Fee Motion is hereby GRANTED IN PART. Specifically, Plaintiffs' request for an award of reasonable attorneys' fees is granted, but in an amount less than requested in the motion. Under the terms of the Agreement, Defendants agreed to pay a maximum payment of up to $6,000,000.00 and a minimum "Floor" payment of $3,000,000.00, consisting of a cash component and a gift card component. (ECF No. 130-1 at 7-8.) Plaintiffs' fee request represents 30% of the maximum possible payment of $6,000,000.00. (ECF No. 134-1 at 1.) The Court finds that the percentage of the fund method is the preferred approach for calculation of the fee award in this common-fund case. *See, e.g.*, *Gray v. Talking Phone Book*, No. 8:08-CV-01833-GRA, 2012 WL 12978113, at *7 (D.S.C. Aug. 13, 2012) (noting that the Fourth Circuit has not articulated a preferred method for determining such fees but a consensus among courts has emerged that the percentage of the fund method is superior). The Court further finds that the total fund amount of $6,000,000.00 is the proper figure upon which to base the fee award. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee

from the fund as a whole.") Attorney fees awarded under the percentage method are often between 25% and 30% of the fund. Manual for Complex Litigation (Fourth) § 14.121. The Court finds that an award of 25%, or $1,500,000.00, is reasonable under the circumstances of this case.

7.     Class Counsel have provided the Court with time and expense summaries for the following law firms: Richardson, Patrick, Westbrook & Brickman, LLC; The Herlong Law Firm, LLC; and the Abtahi Law Group. (ECF Nos. 134-2, 134-3, and 134-4.) At the Final Approval Hearing, the Court directed Class Counsel to submit attorney William D. Herlong's billing records for *in camera* review. In advance of the supplemental hearing regarding the amount of attorneys' fees requested, Class Counsel revised their lodestar down from $1,586,157.55 to $1,574,720.00, in order to reflect the removal of $11,437.50 in erroneous time entries contained in Mr. Herlong's billing records. (ECF No. 139 at 5 n.6.) When cross-checked with Class Counsel's lodestar, the reasonableness of the $1,500,000.00 fee award is confirmed.

8.     The Court has compared the 30% award requested against the factors set forth in *Barber v. Furniture Distributors, Inc.*, 577 F.2d 216 (4th Cir. 1978), and finds that a 25% award is more appropriate.

**Time and labor required**

In the nearly four years that this litigation has persisted in two federal courts, the parties completed class discovery, conducted significant discovery regarding the merits, participated in two mediations, and were approaching key rulings on class certification and certain merits defenses. As demonstrated in the Attorneys' Fee Motion and supplemental

filing, the attorneys for the Settlement Class have accrued 2337.8 hours. The total lodestar of $1,574,720.00 is a near match for the 25% fee award of $1,500,000.00.

**Novelty and difficulty of the questions involved**

This litigation, like all nationwide class action lawsuits, involved issues of considerable complexity. When evaluated in the context of consumer protection class actions generally, this case is of average complexity.

**The skill that is required to perform the legal services properly**

A class action proceeding requires skilled counsel to represent the class. Class Counsel handled this class action litigation with expertise and professionalism. Given the legal questions and the results obtained for the Settlement Class, Class Counsel have demonstrated a high level of skill.

**The attorneys' opportunity costs in pressing the litigation**

Class Counsel incurred 2337.8 hours of labor across two venues for litigation that is now in its fourth year. Class Counsel also spent substantial monies to finance the litigation that could not be invested in other cases.

**Customary fee**

As previously noted, courts have often awarded fees to class counsel that are between 25% and 30% of the total recovered fund. The 25% fee award is within the customary range.

**The contingent nature of the matter/the attorneys' expectations at the outset of the litigation**

Class Counsel understood from the outset of this litigation that there would be no attorneys' fee if there were no recovery. Class Counsel worked for years with no payment on this litigation and at risk of taking no payment at all.

**The time limitations imposed by the client or circumstances**

This class action necessitated extensive efforts in briefing, discovery, and protracted settlement negotiations. Class Counsel worked with diligence to obtain a good result for the Settlement Class.

**The amount in controversy and the amount obtained**

Class Counsel have obtained a significant recovery for the Settlement Class. In this case, Plaintiffs challenged Defendants' compliance with its membership contract and obtained a recovery based on that theory. Settlement Class Members will receive a Sam's Club gift card that exceeds the range of an average return of a Fresh Product as reflected by data produced by Sam's Club during class discovery pertaining to four states.

In awarding 25% of the total fund, rather than the 30% requested, the Court notes that the actual scope of the benefit conferred on the Settlement Class is less definite in this case than in other consumer protection class action lawsuits where class membership is more readily identifiable. One of the chief disputes between the parties was the efficacy and viability, given the available data, of determining *precisely which* Sam's Club members returned items that qualified as Fresh Products, and for a reason entitling them to a 200% refund under the membership contract, yet were denied the full benefit of that refund in contravention of the contract's terms. In *Boeing*, the Supreme Court explained that the criteria that distinguish common-fund cases from cases where shifting of fees is inappropriate "are satisfied when each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf." 444 U.S. at 478-79. However, where identification of class membership is uncertain, discernment of the true scope of the benefit conferred becomes correspondingly complicated.

While the Court concludes that the maximum possible payment of $6,000,000.00 is the appropriate figure upon which to base the percentage-of-the-fund award here, the Court has also taken into account the actual response to the Settlement as measured by the number of claims submitted. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1298 (11th Cir. 1999) (affirming an attorneys' fee award based on the total fund, but noting that a district court judge in a different case might properly base a fee award on the actual class recovery because "[t]he factors the district court considers will vary according to the circumstances presented in each case"). After an extensive class notice campaign involving print publications and internet advertisements, along with a streamlined online claim submission process that did not require the submission of receipts, approximately 8,100 claims were submitted. (ECF No. 133-3.) Under the terms of the Agreement, each Settlement Class Member's recovery is limited to receipt of a gift card with a maximum value of $25. (ECF No. 130-1 at 8-9.) Accordingly, the actual recovery by the Settlement Class in this case is approximately $202,500, with the remainder of the $3,000,000.00 Floor, less attorneys' fees and litigation expenses, to be donated to one or more *cy pres* organizations agreed to by the parties.[1] Moreover, to the extent that there was any widespread practice of Sam's Club denying customers a 200% refund on Fresh Products, whether intentional or accidental, this Settlement will undoubtedly have an injunctive effect,[2] which will inure to the benefit of the Settlement Class.

Considering the entire picture presented by the Settlement, including both the maximum amount obtained by Class Counsel and the amount to be actually recovered by

---

[1] In the alternative, the Agreement permits a pro rata increase to value of each gift card. (ECF No. 130-1 ¶ 6.2.2.3.) However, Class Counsel's statements at the supplemental hearing regarding the amount of attorneys' fees on May 24, 2018, indicated that the *cy pres* distribution was the parties' intended method.
[2] There is, however, no explicit injunction provision in the Agreement.

the Settlement Class, the Court finds that 25% of the $6,000,000.00 total is appropriate and reasonable under the circumstances.

**The experience, reputation, and ability of counsel**

The attorneys serving as Class Counsel have expertise in complex litigation and a history of success on difficult, high-stakes litigation.

**The undesirability of the case**

This factor is not relevant to the case.

**Nature and length of the professional relationship between attorney and the client**

This consumer protection class action case does not involve an ongoing attorney-client relationship. However, Class Counsel serve multiple individual clients who entered this case as class representatives. No Settlement Class Member(s) objected to or requested to be excluded from the Settlement.

**Attorneys' fees awarded in similar cases**

As noted above, the fee award of 25%, or $1,500,000.00, is reasonable based upon the accepted range of fee awards in other class action cases. Moreover, a lodestar approach, with no multiplier applied, would have yielded a nearly commensurate fee award.

9.      The Court has reviewed the litigation expenses submitted by Class Counsel and concluded that they are reasonable. Accordingly, Plaintiffs' request for reimbursement of litigation expenses in the amount of $142,852.62, as set forth in the Attorneys' Fee Motion, is granted.

10.     The Court APPROVES payment of Attorneys' Fees and Litigation Expenses to Class Counsel in accordance with the terms of the Agreement and as specified in the

foregoing paragraphs. The Court further finds that no attorneys have asserted any attorney liens as to the Attorneys' Fees and Litigation Expenses awarded by the Court.

11. The planned distribution of the Class Settlement Amount is hereby APPROVED as fair, adequate, and reasonable. The Class Settlement Amount shall be distributed in accordance with the terms of the Agreement.

12. The South Carolina Litigation is hereby DISMISSED WITH PREJUDICE and without costs to any Party, other than as specified in the Agreement and this Order. The parties shall take appropriate steps to dismiss the California Litigation with prejudice and without costs to any Party, other than as specified in the Agreement and this Order.

13. In consideration of the Class Settlement Amount provided under the Agreement, and for other good and valuable consideration, each of the Releasing Settlement Class Members shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all Settlement Class Member Released Claims against Sam's Club in accordance with Section 13 of the Settlement Agreement, the terms of which section are incorporated herein by reference, shall have covenanted not to sue Sam's Club with respect to all such Settlement Class Member Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting, or asserting any such Settlement Class Member Released Claim against Sam's Club.

14. This Judgment is the Final Judgment in the suit as to all Settlement Class Member Released Claims.

15. Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Agreement; (b) distribution of the Class Settlement Amount, the Settlement Class Representative Incentive

Payments, and the Attorneys' Fees and Litigation Expenses Amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Agreement and the Settlement, and the administration of Claims submitted by Settlement Class Members. The time to appeal from this Judgment shall commence upon its entry.

16. In the event that the Settlement Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Plaintiffs, the Settlement Class Members, and Sam's Club.

17. This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

July 9, 2018
Greenville, South Carolina